# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**HAROLD DEMETRIS WAYNE**                                           **PLAINTIFF**

**V.**                              **NO. 4:17CV00735 DPM/PSH**

**SOCIAL SECURITY ADMINISTRATION**                                  **DEFENDANT**

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## I. Introduction:

Plaintiff, Harold Demetris Wayne, applied for disability benefits on April 8, 2014, alleging a disability onset date of July 4, 2013 (Tr. at 26). The application was denied initially and upon reconsideration *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Mr. Wayne's claim. (Tr. at 33). The Appeals Council denied his request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Mr. Wayne has requested judicial review.

For the reasons stated below, the Court should affirm the decision of the Commissioner.

## II. The Commissioner's Decision:

The ALJ found that Mr. Wayne had not engaged in substantial gainful activity since the application date of April 8, 2014. (Tr. at 28). At Step Two of the sequential five-step analysis, the

ALJ found that Mr. Wayne has the following severe impairments: left hand injury of the dominant extremity and status post excision of tumor on the right heel. *Id*.

The ALJ found that Mr. Wayne's impairment did not meet or equal a listed impairment. *Id*. Before proceeding to Step Four, the ALJ determined that Mr. Wayne had the residual functional capacity ("RFC") to perform work at the light level, except that he could only occasionally grasp and handle small objects in his left hand. (Tr. at 29).

The ALJ next found that Mr. Wayne had no past relevant work. (Tr. at 32). The ALJ relied on the testimony of a Vocational Expert ("VE") to find that, considering Mr. Wayne's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that he could perform. (Tr. at 33). Therefore, the ALJ found that Mr. Wayne was not disabled. *Id*.

### III. <u>Discussion</u>:

A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477. The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing.

B.  Mr. Wayne's Arguments on Appeal

Mr. Wayne contends that substantial evidence does not support the ALJ's decision to deny benefits. He argues that the ALJ erred in his RFC determination, that the ALJ failed to consider Mr. Wayne's side effects from medication, and that the ALJ erroneously stated that Mr. Wayne had no treatment since 2014. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

Mr. Wayne injured his hand in an accident in July, 2013. (Tr. at 66). He had surgery to repair a scaphoid fracture. (Tr. at 389). There is no record of treatment for his hand for the next six months. An x-ray on March 4, 2014 showed disruption of the radiocarpal, proximal and middle carpal areas. (Tr. at 55). But the joints looked good and the fracture had healed. (Tr. at 389-390). Mr. Wayne's doctor said that the hand looked good overall. (Tr. at 390). Normal examination findings are not indicative of disabling pain. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001). Mr. Wayne reported occasional mild pain and stiffness, but when his doctor suggested surgery, he declined. *Id*. He preferred to wear a wrist brace. *Id*. *See Goodale v. Halter*, 257 F.3d 771, 773-74 (8th Cir. 2001) (holding as permissible the ALJ's regard of claimant's refusal to undergo carpal tunnel surgery as evidence that pain was "something [claimant] could live with").

On August 12, 2014, an x-ray of Mr. Wayne's wrist showed mild swelling and some

3

instability. (Tr. at 547). Testing in December 2014 showed Mr. Wayne could extend his middle, ring, and small finger fully. (Tr. at 538). He was able to make a partial fist. *Id*. This aligns with Mr. Wayne's testimony that he could open an envelope, do laundry, attend to personal care, and prepare meals. (Tr. at 45, 270-273). Such daily activities undermine his claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995); *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003). In 2014, Mr. Wayne again declined surgery. *Id*. On October 13, 2015, an examination showed good range of motion and no signs of infection. (Tr. at 108). His wounds looked very good. *Id*. No change in alignment was seen. (Tr. at 54). Because Mr, Wayne did not seek regular treatment, his care was conservative, and he showed signs of improvement, the Court agrees with the ALJ that the wrist injury was not disabling.

Mr. Wayne had a granular cell tumor in his right heel. (Tr. at 73). He failed to follow up with a dermatologist as recommended. (Tr. at 369). He had surgery to excise the tumor on February 27, 2014. (Tr. at 337-344). His doctor told him to rest for one day but then to resume normal activities. (Tr. at 342). A lack of physician-imposed restrictions may serve as a reason to discredit a claimant's credibility. *Hensley v. Barnhart*, 352 F.3d 353, 357 (8th Cir. 2003). Mr. Wayne returned to his doctor with heel pain on March 4, 2014, but admitted he had neglected to change the wound dressing or pick up his antibiotics. (Tr. at 391). When he returned in April 2014, he said he had performed wound care, and his doctor noted marked improvement. (Tr. at 360). Improvement in condition supports an ALJ's finding that a claimant is not disabled. *See Lochner v. Sullivan*, 968, F.2d 725, 728 (8th Cir. 1992).

A full year later, in April 2015, Mr. Wayne reported he was doing well and walking. (Tr. at 73). The incision had healed, but there was hyperkeratosis. (Tr. at 74-6). His doctor did not

4

suggest any changes in treatment at the time. (Tr. at 76). Mr. Wayne reiterated that he was doing well in October 2015. (Tr. at 113). As with the wrist injury, Mr. Wayne did not pursue more than conservative treatment for his heel, and showed improvement over time. Still, he argues that the RFC for light work required more walking and standing than he could perform.

A claimant's RFC represents the most he can do despite the combined effects of all of his credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining the claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of his impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996).

Mr. Wayne's injuries were treated with success. He admitted to doing some activities of daily living. The two state-agency medical consultants reviewed the records and found he could perform light work. (Tr. at 152, 164). No doctor placed any restrictions on him and he was unwilling to pursue surgical intervention. The RFC fully incorporated all of Mr. Wayne's limitations.

Mr. Wayne argues that the ALJ did not fully consider side effects from his medications. He alleged dizziness and sleepiness as side effects on his application, but did not report same to his doctors over the relevant time period. (Tr. at 275, 289, 337-338, 396-400, 512-513). *See Zeiler v. Barnhart*, 384 F.3d 932, 936 (8th Cir. 2004)(ALJ did not err in not considering side effect when claimant had never complained of such to her doctors). As well, Mr. Wayne said in August 2014, December 2014, and at the 2016 hearing that he was not taking medications. (Tr. at 48, 296, 303). Failure to follow prescribed treatment may be used to discredit subjective allegations. *Brown v.*

5

*Heckler*, 767 F.2d 451, 452 (8th Cir. 1985)). The Court is not convinced that side effects had more than a minimal impact on Mr. Wayne's ability to function.

Finally, Mr. Wayne suggests that evidence he submitted after the date of the hearing decision would have changed the outcome in this case. He points out that the ALJ said he did not have treatment after 2014. Certainly, Mr. Wayne did not provide evidence to the ALJ of treatment after December 2014. When the ALJ asked at the hearing if Mr. Wayne's attorney had anything else to submit, she said there were no further treatment records, and she did not submit new evidence until after the hearing decision. (Tr. at 40-41). So the ALJ based his decision on the records before him, and on the assumption that Mr. Wayne's attorney had made her strongest case possible. In any event, as shown above, Mr. Wayne's conditions improved over time. He did not pursue aggressive treatment. New records did not show any doctor placed restrictions on him, or that he could not perform daily activities. The later-submitted records do not provide support for reversal of the ALJ's decision.

## VI. **Conclusion**:

There is substantial evidence to support the Commissioner's decision that Mr. Wayne was not disabled. The RFC incorporated all of Mr. Wayne's limitations, the ALJ properly considered side effects from medication, and later-submitted evidence did not provide reason to overturn the ALJ's decision. The decision, therefore, should be affirmed. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 17th day of July, 2018.

_____
UNITED STATES MAGISTRATE JUDGE